**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50955**
_____

**RTC MORTGAGE TRUST 1994-N1 AND**
**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,**

**Plaintiffs-Appellees,**

**versus**

**THE BROKER COMPANY,**
**JAMES F. SCHERR, AND STEWART FORBES,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(94-CV-392)**
_____

September 5, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is the award of attorney's fees and costs arising out of the collection of a note. Because the contractual right to such fees and costs was not abrogated by plaintiffs' demands on the note, and finding no other reversible error, we **AFFIRM**.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Broker Company, James Scherr, and Stewart Forbes are the maker and guarantors of a note payable initially to First Financial in the amount of $95,000. Although the note was for an initial term of three years, it was automatically renewable for an additional 27 years, in three year increments with readjustment of the rate at each interval, based on the prevailing rate at the time of renewal, and had a thirty year amortization.

The note passed hands more than once, and by the time the second three-year term expired, the Resolution Trust Corporation held the note as conservator for New MeraBank Texas. The note was still serviced by New MeraBank Texas.

The last payment on the note was made on 1 August 1992, and after considerable dispute over the principal balance and the computation of interest during the period of dispute, the district court determined the amount due. The district court later awarded the plaintiffs their reasonable attorney's fees and costs, in accordance with note ¶ 14:

> 14. <u>Attorney's Fees and Expenses</u>. In the event that Payee or other holder of this Note brings suit hereon, or employs an attorney or incurs expenses to compel payment of this Note or any portion of the indebtedness evidenced hereby ... the Maker and all endorsers, guarantors and sureties agree additionally to pay all reasonable attorney's fees, court costs and other reasonable expenses thereby incurred.

In accordance with this provision, the court granted $25,500 in attorney's fees (approximately 2/3rds of the amount requested) and costs of approximately $4,200.

Appellants present six points of error. Their primary thrust, however, is with regard to the attorney's fees. In particular, appellants contend that, because the plaintiffs' demands on the note were in excess of the amount eventually determined to be owing, and in doing so the plaintiffs made it clear that tender of any less would not abate the litigation, the plaintiffs were not entitled to fees and costs under Texas law. *See **Warrior Constructors, Inc. v. Small Business Investment Co. of Houston***, 536 S.W.2d 382 (Tex. App.--Houston (14 Dist.) 1976, no writ).

The district court made implicit findings that the demands though greater than the amount eventually awarded, were not unreasonable or made in bad faith. The demand, therefore, is not preclusive of fee and cost collection. *See **Staff Indus., Inc. v. Hallmark Contracting, Inc.***, 846 S.W.2d 542 (Tex. App.--Corpus Christi 1993, no writ).

The other issues raised on appeal have been addressed thoroughly by the district court in its 31 October 1996 order concerning attorneys' fees and its 13 August 1996 order granting plaintiffs' summary judgment motion, granting counter-defendants' motion for judgment on the pleadings, and denying defendants' summary judgment motion. We **AFFIRM**, for essentially the reasons stated in those opinions.

III.

For the foregoing reasons, the judgment is

*AFFIRMED*.